IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-35575-H4-11 |
| | § | |
| | § | |
| BROUGHER, INC. | § | |
| DBA FORGE USA | § | (CHAPTER 11) |
| | § | |
| Debtor | § | |

### APPLICATION TO EMPLOY PATRICK MAGILL AND MAGILL PC AS CHIEF RESTRUCTURING OFFICER

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Brougher, Inc. dba Forge USA ("Brougher" or "Debtor"), debtor and debtor in possession in the captioned case, file this Application to Employ Patrick Magill ("Magill") and Magill PC ("Firm") as Chief Restructuring Officer (the "Application"), and, in support thereof, would respectfully show unto the Court the following:

### I. JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

### II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) because the Debtor's principal place of business has been located in this district for more than 180 days preceding the filing of this bankruptcy case.

### III. BACKGROUND

3. The above captioned bankruptcy case was filed on November 2, 2016 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 *et seq*. (the "Bankruptcy Code"). The Debtor continues to manage their property as debtor-in-possession

pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4.   No trustee or examiner has been appointed in the Debtor's bankruptcy case. An official committee of unsecured creditors has not been established.

5.   In accordance with its duties as a debtor in possession and efforts to reorganize the business, the Debtor has determined, in its business judgment that the appointment of a chief restructuring officer is in the best interest of the Debtor and its estate.

6.   Accordingly, with this Application, the Debtor seeks to engage Magill and the Firm to assist with in its reorganizational efforts.

### IV.   **RELIEF REQUESTED**

7.   Pursuant to §327 and §328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Debtor seeks Court approval of its engagement of Patrick Magill to act as the chief restructuring officer ("CRO").

8.   Debtor believes that it would be in the best interest of the Debtor and its estate to appoint Patrick Magill to act as Debtor's CRO in connection with the handling of Debtor's chapter 11 case. Mr. Magill has substantial experience with, and has specialized in matters relating to insolvency, reorganization, and turnaround management. In addition, Mr. Magill has the experience and expertise necessary to formulate and implement a plan of reorganization sufficient to address the claims of creditors and investors. A copy of Mr. Magill's CV is attached as Exhibit "A".

9.   Mr. Magill's duties and responsibilities will be as follows:

   a.   To act as Debtor's CRO until further order of the Court;

   b.   To be a signatory on the DIP Operating Accounts;

   c.   To exercise authority to manage the business affairs of Debtor:

      i.   To make all decisions regarding the hiring and firing of personnel;

   ii. To make all decisions regarding the expenses incurred by Debtor and the terms of disbursements made by Debtor for same;

   iii. To manage the collection of accounts receivable;

  d. To make all reasonable efforts to consult with all secured creditors, unsecured creditors, parties-in-interest, the US Trustee, and any committee of creditors appointed by the Court;

  e. To make all reasonable efforts to assist bankruptcy counsel in amending and/or preparing schedules, statements of financial affairs, and monthly operating reports on a timely basis;

  f. To investigate and pursue all available chapter 5 causes of action and non-chapter 5 causes of action against creditors, whether they be insiders or non-insiders, members and other potential defendants;

  g. To cause Debtor to pay all UST Quarterly fees on a timely basis; and

  h. To make all reasonable efforts to assist bankruptcy counsel in preparing and filing a plan and disclosure statement, and any other necessary pleadings related to the bankruptcy case.

10. Mr. Magill has agreed to act as CRO on the following terms. The compensation to be paid to Mr. Magill shall be a flat rate of $20,000 per month payable monthly through the payroll system and shall constitute an administrative expense of the estate. Mr. Magill shall not be required to file a fee application.

11. Attached hereto as Exhibit "B" and incorporated herein for all purposes is the Affidavit of Patrick Magill and Disclosure Statement Pursuant to Section 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure which attests that Mr. Magill and his staff

  i. do not hold or represent any interest adverse to the estate, are disinterested and that he is eligible to serve as CRO for Debtor under Bankruptcy Code §327(a);

  j. are not creditors, equity security holders or insiders of Debtor and do not represent any entity (or its attorneys or accountants) other than Debtor in connection with Debtor's chapter 11 case;

    k. are not, and never have been, investment bankers for any outstanding security of Debtor;

    l. are not, and have not been within the past two years, a director, officer, or employee of Debtor or of any such investment banker as described above;

    m. have no interest materially adverse to the interests of Debtor or of any class of creditors or equity security holders of Debtor, by reason of any direct or indirect relationship to, connection with, or interests in, Debtor or any investment banker for Debtor; and

    n. have no connection with Debtor, or its creditors, equity interest holders or any party in interest, or with the respective attorneys or accountants of the foregoing, or with the United States Trustee or any person employed in the office of the United States Trustee, except that Mr. Magill has acted as a financial consultant and/or CRO in other cases.

12. As stated above, Mr. Magill has no connections with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

13. The employment of Patrick Magill as Chief Restructuring Officer and Financial Advisor is necessary and in the best interest of Debtor and its' estates.

WHEREFORE, Debtor requests entry of an order that (i) approves Debtor's engagement of Patrick Magill and appoints Patrick Magill as the chief restructuring officer for Debtor on the terms described above.

Respectfully submitted on the 21st day of November, 2016.

          **DEBTOR BROUGHER, INC.**

By: _____
      Wade Brougher
      President


          **OKIN & ADAMS LLP**

By:    /s/ *Christopher Adams*
      Christopher Adams
      Texas Bar No. 24009857
      Email:  cadams@okinadams.com
      David L. Curry, Jr.
      State Bar No. 24065107
      Email: dcurry@okinadams.com
      1113 Vine St. Suite 201
      Houston, TX  77002
      Tel: (713) 228-4100
      Fax: (888) 865-2118

      **PROPOSED ATTORNEYS FOR THE DEBTOR**