

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/28/2017

| | | |
|---|---|---|
| IN RE: | § § | |
| BROUGHER, INC. | § § | CASE NO. 16-35575-H4-11 |
| DEBTOR. | § | (CHAPTER 11) |

## ORDER CONFIRMING DEBTOR'S PLAN OF LIQUDATION
(No. 135)

On July 28, 2017 the Court held a hearing ("Confirmation Hearing") to consider the Debtor's Third Amended Combined Disclosure Statement and Plan of Liquidation filed on July 12, 2017 (the "Plan/DS") pursuant to 11 U.S.C. § 1125 and 1129. Having considered the Plan/DS, the evidence presented, the entire record in this Bankruptcy Case, and arguments and representations of counsel, the Court finds the following:

1.  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Confirmation of the Joint Plan is a "core proceedings" pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has jurisdiction to enter a final order confirming the Plan/DS.

2.  The Plan/DS, along with a ballot, was served to all creditors and parties in interest.

3.  Notice of the hearing for approval of the Debtor's Disclosure Statement and confirmation of the Plan and deadlines regarding the return of ballots, serving and filing written objections to the Disclosure Statement and the Plan has been given in accordance with Title 11, United States Bankruptcy Code, the Order of this Court (Docket No. 153), and the Federal and Local Rules of Bankruptcy Procedure.

4.  The Plan/DS as set out as Exhibit "A" attached hereto complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

**IT IS ORDERED:**

A.  The disclosures contained in the Plan/DS are hereby APPROVED under 11 U.S.C § 1125.

B.  The Plan/DS attached hereto as Exhibit "A," is hereby CONFIRMED under 11 U.S.C. § 1129(a).

## VESTING OF PROPERTY IN THE LITIGATION TRUST

C.  John Baumgartner shall serve as the Litigation Trustee, until death, resignation or discharge or the appointment of a successor Litigation Trustee in accordance with the Plan/DS, at which point such successor Litigation Trustee shall be the Litigation Trustee. The Litigation Trustee shall be deemed to possess the same powers and duties as would a Chapter 11 Trustee consistent with Section 1123(b)(3)(B) of the Bankruptcy Code. In the exercise of his authority on behalf of the Litigation Trust, the Litigation Trustee will have certain responsibilities and powers, as set out in detail in the Plan/DS.

D.  On the Effective Date, the Litigation Trust Assets, which shall include any unadministered property of the Bankruptcy Estate of any kind and nature whatsoever, real, personal, intellectual or otherwise, including causes of action, and all proceeds thereof, shall vest in the Brougher Litigation Trust, free and clear of all liens, claims and encumbrances, except as otherwise provided in the Plan/DS.

E.  On the Effective Date, the ~~Debtor is deemed to have satisfied all liabilities for purposes of dissolution under applicable state law. The~~ Litigation Trustee is authorized to execute and file all documents necessary to effectuate the dissolution of the Debtor (unless the Debtor's shareholder elects to retain the stock of the Debtor pursuant to Section VII E of the Plan/DS. 

F.  The Litigation Trustee is authorized and directed to make such distributions as provided in the Plan/DS. Once the Litigation Trustee has paid all Allowed Administrative Claims, Allowed Priority and non-Priority Tax Claims, and Allowed Secured Claims pursuant to the terms of the Plan/DS and satisfied all costs of administering the Litigation Trust as set forth therein, all remaining funds in the Litigation Trust shall be paid to the Beneficiaries of the Litigation Trust in accordance with their priority and percentage interests in the Litigation Trust.

## TRANSFER OF RESIDUAL ESTATE TO LITIGATION TRUST

G.  On the Effective Date the Litigation Trust Assets, which shall include any unadministered property of the Bankruptcy Estate of any kind and nature whatsoever, real, personal, intellectual or otherwise, including causes of action, and all proceeds thereof, all other remaining property of the Estate as defined in § 541 of the Bankruptcy Code, to the extent not provided otherwise in the Plan/DS, shall vest in the Brougher Litigation Trust, free and clear of all liens, claims and encumbrances, except as otherwise provided in the Plan/DS.

H.  The Litigation Trustee is authorized to execute and file all documents necessary to effectuate the transfer of the Litigation Trust Assets to the Brougher Litigation Trust.

## ASSIGNMENT AND PROSECUTION OF CAUSES OF ACTION

I.   Pursuant to and in accordance with §§ 105(a), 1123(b)(3), and 1141(b) of the Bankruptcy Code, upon the entry of the Confirmation Order, all Retained Claims, including Chapter 5 Causes of Action brought under §§ 542, 544, 547, 548, 550, 551 and 553, shall be, and hereby are reserved, retained, and vested in the Litigation Trust for the benefit of the Beneficiaries of the Litigation Trust pursuant to the terms of the Plan/DS. All Retained Claims shall survive and continue Post-Confirmation, free and clear of all liens, claims, interests, encumbrances, defenses of res judicata, waiver, laches and estoppel, for investigation, prosecution, enforcement, settlement, abandonment, adjustment, or collection by the Litigation Trustee. The Litigation Trustee shall be authorized and have standing to pursue the Retained Claims on behalf of, and in the name of, the Litigation Trust. Further, the Litigation Trustee shall have standing to object to any Claims.

J.   The Litigation Trustee shall have the right to file and prosecute any Claims and Retained Claims on behalf of the Litigation Trust, including all derivative Retained Claims. The Litigation Trustee shall have the authority to compromise, settle or otherwise resolve all Claims and Retained Claims filed or asserted as set forth in the Plan/DS.

## NON-MATERIAL MODIFICATION

K.   In response to the limited Objection filed by Brougher Holdings, Inc. and Wade Brougher, the following non-material modification/clarification to Article VII. E. is hereby incorporated into the confirmed Plan/DS by substituting the following language: (The words that are underlined reflect language added to Article VII. E. of the Plan/DS.)

> **Treatment**. Upon the Effective Date, Debtor's shareholder shall retain 100% of the stock in Debtor free and clear of all claims and liens against the Debtor, in consideration for (1) paying $2,750.00 to the Litigation Trustee; and (2) assuming the duty and obligation to prepare, pay all CPA and accounting fees and file with the taxing authorities all federal income tax returns and franchise tax returns due for 2017. Upon payment of the $2,750.00 Debtor's Shareholder shall assume these duties and shall prepare and file the corporate income tax return for 2016 and 2017 and franchise tax returns for 2016 and 2017 at the Debtor's shareholder's sole expense and without cost or duty to the bankruptcy estate or Litigation Trustee, other than the amounts previously paid by the estate for preparation of the 2016 tax return.
>
> Retention of the stock shall result in the shareholder retaining only the corporate entity registered with the Texas Secretary of State, SOS File Number 0154154600, together with Tax Payer Number 17606207185 and its Federal Employer Identification Number, and any Net Operating Losses to which Debtor may be entitled to in the future. Any corporate income tax refunds for 2016 and 2017 or franchise tax refunds for 2016 and 2017 shall be paid by the Debtor's shareholder to the Litigation Trust up receipt.
>
> In the event the shareholder does not make the $2,750.00 payment by the Effective Date, then the shareholder shall not retain any stock in Debtor.

Holders of Interests shall be entitled to receive a pro rata distribution of proceeds remaining in the Plan Reserve, the Disputed Claims Reserve and/or Other Distributable Proceeds after payment in full of the fees and expenses of the Liquidating Trust, Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, and Claims in Classes 3 and 4.

SIGNED this 28th day of July, 2017.

Honorable Jeff Bohm
U.S. Bankruptcy Judge