IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BROUGHER, INC., | § | Case No. 16-35575 |
| | § | |
| DEBTOR | § | Chapter 11 |
| | § | |
| | § | |
| JOHN BAUMGARTNER, TRUSTEE OF THE BROUGHER LITIGATION TRUST, | § § § | |
| | § | Adversary Proceeding |
| PLAINTIFF, | § | |
| | § | No. 18-03056 |
| vs. | § | |
| | § | |
| A. FINKL & SONS CO., | § | |
| | § | |
| | § | |
| DEFENDANT. | § | |

**TRUSTEE'S MOTION PURSUANT TO FEDERAL BANKRUPTCY RULE 9019
FOR AN ORDER AUTHORIZING AND APPROVING SETTLEMENT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

John Baumgartner (the "Trustee"), Trustee for the Brougher Litigation Trust (the "Trust"), created pursuant to this Court's Confirmation Order in the above-referenced bankruptcy case ("Plaintiff") hereby submits this Motion Pursuant to Federal Bankruptcy Rule 9019 for an Order Authorizing and Approving Proposed Settlement ("Motion").  In support of the Motion, the Trustee respectfully represents as follows:

## I.
## JURISDICTION

1.	This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

2.	On November 2, 2016 ("Petition Date"), Debtor Brougher, Inc. filed a petition for relief under chapter 11 of title 11, United States Code ("Bankruptcy Code"), in the United States Bankruptcy Court for Southern District of Texas, Houston Division ("Bankruptcy Court").

3.	On July 28, 2017, this Court entered an Order Confirming Debtor's Third Amended Combined Disclosure Statement and Plan of Liquidation ("Plan") (Doc. No. 142).  This Order confirmed the terms of Article 8 of the Plan, which created the Brougher Litigation Trust and provided for title to the Debtor's assets to vest in the Trust (Doc. No. 142-1, p. 27).  The Order also confirmed that John Baumgartner would serve as the Trustee of the Brougher Litigation Trust pursuant to the terms and conditions of the Plan, the Order, and the Trust Agreement.  Finally, the Order confirmed that pursuant to the Plan, the Brougher Litigation Trust was assigned certain defined Causes of Action including the avoidance actions (Doc. No. 142, p. 3).

4.  On or about March 26, 2018, the Trustee filed the above captioned adversary proceeding alleging causes of action pursuant to 11 U.S.C. §§ 547 and 548, based on A. Finkl & Sons Co. having received three transfers during the preference period totaling $270,516.00.

5.  After engaging in meaningful settlement discussions with counsel for A. Finkl & Sons Co. regarding potential affirmative defenses afforded pursuant to §547(c), among other factors, the parties have agreed to settle this matter for a one-time lump sum payment of $30,000.00, pending this Court's approval.

### III.
### SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT AND COMPROMISE

8.  The Parties have agreed to resolve all disputes related to this Adversary pursuant to the terms set forth in the attached Settlement Agreement[1] (the "Proposed Settlement"). Such terms include, without limitation:

    i.   A. Finkl & Sons Co. shall pay $30,000.00 to the Trustee on behalf of the Trust;

    ii.  Upon payment of the $30,000.00 in full, the Trustee shall release A. Finkl & Sons Co. from any and all liability, claims, demands, and causes of action of whatever kind or character, whether in law or in equity, which Trustee has or may have, whether known or unknown, based upon any events that have occurred prior to the Proposed Settlement;

    iii. Upon payment, A. Finkl & Sons Co. shall have an allowed claim for $30,000.00 pursuant to 11 U.S.C. § 502(h) for the above referenced settlement payment; and,

    iv.  The Proposed Settlement is entered into in settlement of disputed claims and controversies and is not to be construed as an admission of liability nor as an admission of the validity of the allegations of any of the Parties.

---

[1] Attached hereto as Exhibit A, and incorporated herein by reference.

## IV.
## RELIEF REQUESTED

9. Pursuant to this Motion, and in accordance with Bankruptcy Rule 9019(a), the Trustee respectfully requests that the Court enter an order approving the Proposed Settlement and authorizing the Trustee to take any and all actions necessary to effectuate the Proposed Settlement.

## V.
## AUTHORITY

10. Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . ." Fed. R. Bankr. P. 9019(a). The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *Anderson* requires that a compromise must be "fair and equitable." *Anderson*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (a) senior interests are entitled to full priority over junior interests; and (b) the settlement is reasonable in relation to the likely rewards of litigation. *In re Cajun Elec. Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

11. In particular, the Court must evaluate and set forth in a comprehensible fashion:

(1) The probability of success in the litigation, with due consideration for the uncertainty in fact and law,

(2) The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and,

(3) All other factors bearing on the wisdom of the compromise.

*Jackson Brewing Co.*, 624 F.2d at 602. (internal citation omitted).

12. With respect to the first factor, it is unnecessary to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. *Cajun Elec.*, 119 F.3d at 356. "'The

4

judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision . . . .'" *Id.* (quoting *La Salle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir. 1987)).

**Likelihood of Success**

13. Although the Trustee is confident that he would prevail in the adversary action, the Trustee acknowledges the inherent risks of litigation. Further, and more significantly, given the documents and information exchanged between the parties, the Trustee believes that A. Finkl & Sons Co. has potentially strong affirmative defenses to approximately $230,000.00 of the $270,516.00 in transfers. Thus, while the Trustee believes he would be successful at trial, the final monetary award, taking into account A. Finkl & Sons Co.'s potential affirmative defenses, could be significantly lower than $270,516.00. Further, the process could be lengthy and the ultimate outcome is subject to the normal uncertainties associated with litigation.

**Complexity Duration and Expense**

14. The Bankruptcy Court has set a trial date for this adversary for the week of December 10, 2018. While the Trustee anticipates success at trial, there remains substantial risk that A. Finkl & Sons Co. would appeal any order of this Court – delaying finality. As such, the guaranty of finality obtained through settlement avoids the risk of substantial delay, allows expeditious consummation of the Trust, and provides a substantial benefit to the estate.

15. The Trustee anticipates that the costs to prosecute this adversary from now through trial do not play a significant factor, given the relatively short trial and with minimum discovery needing to be conducted. With that being said, even if successful at trial, the concerns regarding potential affirmative defenses, along the potential of an appeal, remain. Thus, the Proposed

Settlement is intended to maximize recovery to the Trust by avoiding the costs of continued litigation and capping the potential downside that may exist as a result.

**The Wisdom of the Compromise**

16. Under the rubric of the third, catch-all provision, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (In re Foster Mortgage Corp.), 68 F.3d 914, 917 (5th Cir. 1995), 68 F.3d at 917. Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted). As discussed below, applying this standard to the facts of the instant case, the Trustee submits that the Proposed Settlement should be approved.

   *Desires of the Creditors*

17. The Fifth Circuit has instructed that the "desires of the creditors are not binding." *Cajun Elec.*, 119 F.3d at 358 (citing *In re Foster*, 68 F.3d at 917). "The test is not the desires of the majority [of creditors] as such, but the best interests of the creditors, taking into account their reasonable views." *Id.* The Trustee, by definition, is acting on behalf of the Trust and the Trust beneficiaries are comprised of the debtor's prepetition creditors. Thus, the Trustee is acting in the interest of the creditors and their interests are directly aligned.

   *Arms-Length Negotiations*

18. The Proposed Settlement is the result of arms-length negotiations between the Trustee and A. Finkl & Sons Co. There is ample record in this Bankruptcy Case to support a finding that the parties are adverse and have not settled this dispute through any improperly collusive mechanism.

19. In sum, the Trustee acknowledges that a certain degree of uncertainty always exists with respect to litigation. The Trustee respectfully asserts that the Proposed Settlement fairly recognizes such risks and provides for the resolution of this adversary without the need for continued litigation, a protracted appeal and/or lengthy collection efforts. The Parties have attempted to achieve a resolution that minimizes the potential damage and risk while maximizing value to the Trust. Consequently, the Trustee urges that the *Holland* factors are satisfied and the Court should approve the Proposed Settlement.

## VI.
## PRAYER

WHEREFORE, Trustee respectfully requests that this Court enter an order (i) approving all terms of the Proposed Settlement; (ii) authorizing the Trustee to take any and all actions necessary to effectuate the Proposed Settlement; (iii) waiving any stay imposed by Bankruptcy Rule 6004(h) or otherwise; and (iv) granting the Trustee such other and further relief as this Court may deem just and proper.

[Remainder of page left intentionally blank.]

Respectfully submitted on the 19th day of June, 2018.

    Respectfully submitted,

    **OKIN ADAMS LLP**

    By:   */s/ John Thomas Oldham*
         Christopher Adams
         Texas Bar No. 24009857
         Email: cadams@okinadams.com
         John Thomas Oldham
         Texas Bar No. 24075429
         Email: joldham@okinadams.com
         1113 Vine St. Suite 201
         Houston, Texas  77002
         Tel: (713) 228-4100
         Fax: (888) 865-2118

    **COUNSEL FOR JOHN BAUMGARTNER,**
    **TRUSTEE OF THE BROUGHER**
    **LITIGATION TRUST**

## CERTIFICATE OF ACCURACY PURSUANT TO LOCAL RULE 9013-1(I)

I hereby certify to the accuracy of the matters set forth in the foregoing motion.

    */s/ John Thomas Oldham*
    John Thomas Oldham

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading was forwarded via this Court's CM/ECF notification system to those parties registered for such service on June 19, 2018 as well as by email on Nathan Coco, counsel to A. Finkl & Sons Co.

    */s/ John Thomas Oldham*
    John Thomas Oldham